IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TAMELA CHAMBERS SHEPARD | § | |
| v. | § | CIVIL ACTION NO. 9:06cv84 |
| TYSON FOODS, INC. | § | |

ORDER ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this case has been presented for consideration. The Report and Recommendation recommends that the Defendant's Motion for Summary Judgment (document #16) be denied. Defendant filed written objections on February 21, 2007. Plaintiff filed a response to the written objections on February 23, 2007.

Defendant filed a Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment on the same date that the Magistrate Judge issued her Report and Recommendation. Pursuant to Local Rule CV-7(f), the Court need not wait for a reply brief before ruling on a motion.

Having made a *de novo* review of the written objections filed by Defendant and Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, the Court finds that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit.

Despite the clarifications in Defendant's reply brief, there are genuine issues of material fact that preclude summary judgment.

In this case, Plaintiff alleges in her original complaint that she took less than twelve weeks of pregnancy-related leave and was not restored to her prior, or an equivalent, position upon being released by her doctor to return to work. An eligible employee is entitled to a total of twelve weeks of leave during any twelve-month period if she has a serious health condition that makes her unable to perform the functions of her position. 29 U.S.C. § 2612(a)(1)(D). A serious health condition is "an illness, injury, impairment, or physical or mental condition that involves . . . continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Generally, a "serious health condition" requires a period of incapacity of more than three consecutive days, *any period of incapacity due to pregnancy or prenatal care*, or any period of incapacity or treatment due to a chronic serious health condition. 29 C.F.R. § 825.114(a)(2). If an employee satisfies the statutory requirements, an employer must honor the employee's entitlement to return to the same position after a qualified absence. *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir.1999).

A sickness due to pregnancy qualifies as a serious health condition under the FMLA. 29 C.F.R. § 825.114(a)(2); see also, *Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d at 419. A pregnant employee seeking FMLA leave must give the employer information that would link her sickness to her pregnancy or complications in her pregnancy. *Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d at 419. By way of example, she may tell her supervisor that she is sick due to complications in her pregnancy. *Id*. A complaint of sickness, without more, would not suffice as notice of a need for FMLA leave. *Id*. (citing *Satterfield v. Wal-Mart Stores, Inc.*, 135 F.3d 973, 981 (5th Cir.1998).

Defendant asserts in its reply brief and objections to the Report and Recommendation that Plaintiff's employment was terminated on August 1, 2005 for the legitimate, non-discriminatory

reason that she exceeded the "attendance points" allowable pursuant to company policy. Attendance records show that Plaintiff's absence on July 28, 2005 was designated as excused FMLA leave. Plaintiff's absences on July 29, 2005 and August 1, 2005, however, were assessed as absences without proper notification pursuant to company policy because Plaintiff did not call more than thirty minutes before her shift on July 29, 2005 and there is no record that she called prior to her shift on August 1, 2005. Defendant contends that "attendance points" were properly assessed for those absences and put her over the limit pursuant to company policy.

Defendant's reply brief and objections to the Report and Recommendation do not address Plaintiff's assertions in her affidavit that she told her supervisor, Ernesto Hernandez, on July 27, 2005 that she was pregnant, that she was having complications with her pregnancy and that she would be needing time off of work to receive medical attention or that she told Hernandez on July 28, 2005 that her condition seemed to be getting worse and that she needed to go to the doctor. There is a genuine issue of material fact concerning whether Tyson had information that would link Plaintiff's absences with pregnancy-related sickness or complications.

Defendant relies heavily on its assertion that Plaintiff allegedly did not follow company policy by calling the attendance hotline timely on July 29, 2005 and August 1, 2005. However, "[b]ecause the issue is the right to an entitlement, the employee is due the benefit if the *statutory* requirements are satisfied, regardless of the intent of the employer." *Nero v. Industrial Molding Corp.*, 167 F.3d 927 (*citing Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 159 (1st Cir.1998) (emphasis added).

For these reasons, the findings and conclusions of the Magistrate Judge are hereby adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that Defendant's Motion for Summary Judgment (document #16) is **DENIED**.

So **ORDERED** and **SIGNED** this **14** day of **April, 2007.**

_____
Ron Clark, United States District Judge